UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WALLIS H. CLARK III dba CARMET TRADING CO. & CARMET SCIENTIFIC,<br><br>    Plaintiff,<br><br>    vs.<br><br>FLA CARD SERVICES, N.A., LINDA BUCK, TONY GREEN, I.C. SYSTEM, BETH BROWN and DOES 1-10 incl.,<br><br>    Defendants. | Case No: C 09-5240 SBA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Docket 6 |

Plaintiff Wallis H. Clark III dba Carmet Trading Co. & Carmet Scientific ("Plaintiff"), acting pro se, commenced the instant civil action in state court against various parties, including Bank of America. FIA Card Services, Inc., N.A. ("FIA"), which allegedly was sued erroneously as Bank of America, removed the action on the basis that certain of Plaintiff's causes of action arise under federal law. The parties are presently before the Court on FIA's Motion to Dismiss Plaintiff's Complaint. (Docket 23.) Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS IN PART and DENIES IN PART the motion to dismiss. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).

I.  **BACKGROUND**

On October 9, 2009, Plaintiff filed the instant action against Bank of America, Linda Buck, Tony Green, I.C. System and Beth Brown in Sonoma County Superior Court. Utilizing a state court Judicial Council form complaint, Plaintiff alleges causes of action for breach of contract, fraud and a common count for open book account. Notice of Removal, Ex. A. He claims that Defendants improperly included unauthorized charges on his credit card accounts

1 and later refused to investigate or remove those charges.  Although Plaintiff did not expressly
2 aver any federal claims, he asserts at various points in his complaint that Defendants' conduct
3 violates the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act
4 ("FCRA").
5     On November 4, 2009, FIA filed a notice of removal under 28 U.S.C. § 1441(b) on the
6 ground that certain of Plaintiff's claims arise under federal law; to wit, the FDCPA and FCRA.[1]
7 On February 8, 2010, FIA filed a motion to dismiss, pursuant to Rule 12(b)(6).  Plaintiff
8 requested and obtained additional time from the Court to file his opposition to the motion,
9 which he submitted on March 29, 2010.  FIA filed a cursory reply brief on April 6, 2010.  The
10 matter has been fully briefed and is now ripe for decision.

11 **II.     LEGAL STANDARD**

12    A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the
13 plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a
14 cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).
15 To survive a motion to dismiss, the plaintiff must allege "only enough facts to state a claim to
16 relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).
17 The pleadings must "give the defendant fair notice of what ... the claim is and the grounds upon
18 which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks omitted).
19 Where the plaintiff is pro se, the Court must liberally construe his pleadings.  Balistreri, 901
20 F.2d at 699.

21    When considering a motion to dismiss under Rule 12(b)(6), a court must take the
22 allegations as true and construe them in the light most favorable to plaintiff.  See Leatherman
23 v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993).
24 However, "the tenet that a court must accept as true all of the allegations contained in a
25 complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause
26 of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, --- U.S.

27
28 _____
[1] FIA claims that the other Defendants were not yet served with the complaint and therefore did not join in the removal.  Notice of Removal ¶ 6.

- 2 -

---, 129 S.Ct. 1937, 1949-50 (2009).  "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 1950.  Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 1951 (quoting Twombly, 550 U.S. at 557).  If the complaint is dismissed, plaintiff generally should be afforded leave to amend unless it is clear the complaint cannot be saved by amendment.  See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

## III. DISCUSSION

### A. BREACH OF CONTRACT

#### 1. Pleading Requirements

FIA argues that the Court must dismiss Plaintiff's first cause of action for breach of contract because he neither attached a copy of the contract that forms the basis of his claim nor alleged verbatim the contract terms at issue.  Def.'s Mot. at 3.  As support for this proposition, FIA relies on *state law* pleading standards, which specify that "[a] written contract may be pleaded either by its terms—set out verbatim in the complaint or a copy of the contract attached to the complaint and incorporated therein by reference—or by its legal effect." McKell v. Washington Mutual, Inc., 142 Cal.App.4th 1457, 1489 (2006) (internal citations omitted).   However, state procedural rules are not controlling in a federal court action.  See Kassa v. BP West Coast Prods., LLC, 2008 WL 3494677 at *4 (N.D. Cal. Aug.12, 2008) (finding that California procedural rule requiring submission of written agreement does not apply in federal courts).  Rather, under Rule 8, the pleader need only provide a short and plain statement that gives the defendant "fair notice" of the claims being alleged against it.  See Erickson, 551 U.S. at 93.  Here, Plaintiff has alleged when the contract was formed and the provisions therein that FIA allegedly breached.  Compl. ¶ BC-1.  Liberally construed, Plaintiff's allegations are sufficient to state a claim for breach of contract.  See Williams v. Oberon Media, Inc., 2010 WL 1644888 at *6 (C.D. Cal. March 10, 2010) (denying motion to dismiss where complaint alleged "the substance of the contract's relevant terms.").

### 2. FDCPA

As part of his breach of contract claim, Plaintiff alleges that FIA failed to comply with FDCPA. Compl. ¶ BC-1. The purposes of the FDCPA are "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The term "debt collector" is defined as: "[A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Id. § 1692a(6). An entity must therefore comply with the FDCPA if it (1) is principally in the business of debt collection or (2) regularly attempts to collect debts, either directly or indirectly. See Romine v. Diversified Collection Servs., Inc., 155 F.3d 1142, 1145 (9th Cir. 1998) (citing 15 U.S.C. § 1692a(6)). The FDCPA's definition of debt collector does not include creditors collecting money on their own behalf. 15 U.S.C. § 1692a(6)(A).

FIA argues that it is not a debt collector because it is seeking to collect its *own* debt, not the debt of a third party. Def.'s Mot. at 5. There are no allegations in the complaint regarding *whose debt* FIA is attempting to collect. Absent such factual allegations, it is not possible at this juncture to determine whether Plaintiff has stated a "plausible" breach of contact claim based on FIA's alleged failure to comply with the FDCPA. Thus, the Court GRANTS FIA's motion to dismiss Plaintiff's breach of contract claim insofar as it is predicated on its alleged failure to comply with the FDCPA. Plaintiff is granted leave to amend to allege facts establishing that FIA is subject to the statute's provisions.

### 3. FCRA

In addition to the FDCPA, Plaintiff alleges in his contract claim that FIA failed to comply with the FCRA by neglecting to (1) report accurate information to a credit bureau and (2) validate the debt. Compl. ¶¶ BC-1, FR-2. The FCRA "requires 'furnishers of information ... to consumer reporting agencies to provide accurate information'" regarding a consumer's

**1**  debt. 15 U.S.C. § 1681s-2(a). As FIA correctly notes, however, there is no private right of
**2**  action to enforce the obligations established by § 1681s-2(a). See Nelson v. Chase Manhattan
**3**  Mortgage Corp., 282 F.3d 1057, 1059 (9th Cir. 2002) (holding that only federal and state
**4**  officials can enforce the provisions set forth in § 1681s-2(a)). Therefore, to the extent that
**5**  Plaintiff is attempting to rely on § 1681s-2(a) as the basis for his breach of contract claim, such
**6**  claim fails as a matter of law.
**7**      The above notwithstanding, the FCRA does confer a private right of action upon
**8**  consumers and allows them to sue a furnisher of credit information if such furnisher breaches
**9**  any of the duties enumerated in § 1681s-2(b). See Gorman v. Wolpoff & Abramson, LLP, 584
**10** F.3d 1147, 1154 (9th Cir. 2009). However, "[t]hese duties arise only *after* the furnisher
**11** receives notice of dispute from a [credit reporting agency] ...." Id. (emphasis added). Here,
**12** there are no allegations that Plaintiff disputed any charges with any credit reporting bureau or
**13** that notice of such dispute was provided to FIA. As such, the Court GRANTS FIA's motion to
**14** dismiss Plaintiff's breach of contract claim insofar as it is predicated on its alleged failure to
**15** comply with the FCRA. Plaintiff is granted leave to amend to allege facts establishing that FIA
**16** is subject to liability under § 1681s-2(b).
**17**     **B.    FRAUD**
**18**     Plaintiff's second cause of action for fraud appears to allege three different types of
**19** fraudulent conduct. First, he alleges that unspecified Defendants intentionally misrepresented
**20** that they would investigate and remove any unauthorized charges, but failed to do so, in
**21** violation of the FDCPA. Compl. ¶ FR-2. Second, Defendants are alleged to have "concealed
**22** the release of documents to validate the debt as demanded in writing on 4-28-09 in compliance
**23** with the FDCP[A]." Id. FR-3. Finally, Plaintiff alleges that "Defendant promised to remove
**24** unauthorized charges and investigate the charges but failed to perform." Id. ¶ FR-4.[2]
**25**     To state a claim for fraudulent misrepresentation, a party must allege facts to support
**26** the following elements: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud;

---

**27**
**28**  [2] The fraud cause of action is alleged against all Defendants; however, Plaintiff also uses the singular term, "Defendant."

1  (4) justifiable reliance; and (5) damages.  Kearns v. Ford Motor Co., 567 F.3d 1120, 1126 (9th
2  Cir. 2009).  The elements of a claim for fraudulent concealment are: "1) suppression of a
3  material fact; 2) by one who is bound to disclose it ...; 3) with intent to deceive a person
4  unaware of the concealed fact and who would not have acted had he known of the fact."
5  Melanson v. United Air Lines, Inc., 931 F.2d 558, 563 (9th Cir. 1991).

6  　　　Fraud claims and claims that "sound in fraud" or are "grounded in fraud" must be pled
7  with particularity in accordance with Rule 9(b).  Kearns, 567 F.3d at 1125.  This means that the
8  complaint must allege "the who, what, when, where, and how" of the alleged fraudulent
9  conduct, Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997), and "set forth an explanation as
10 to why [a] statement or omission complained of was false and misleading," In re GlenFed, Inc.
11 Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc); see Fecht v. Price Co., 70 F.3d 1078,
12 1082 (9th Cir. 1995).  Where multiple defendants are involved, the plaintiff also must identify
13 the role of each defendant in the alleged fraudulent scheme.  See Swartz v. KPMG LLP, 476
14 F.3d 756, 764-65 (9th Cir. 2007).

15 　　　FIA contends that Plaintiff's fraud claim does not comport with Rule 9(b) because it
16 fails to identify "the who, what, when, where, and how" of the alleged fraudulent conduct.  See
17 Def.'s Mot. at 4.  FIA is partially correct.  Plaintiff avers that the false representations were
18 made to him on October 14, 2008, November 17, 2008, December 18, 2008, January 5, 2009,
19 February 16, 2009 and April 28, 2009.  Compl. ¶ FR-2.  However, Plaintiff fails to identify in
20 each instance who made the misrepresentation or otherwise delineate the role of each
21 Defendant in connection with these allegedly false representations and concealment.  "Rule
22 9(b) does not allow a complaint to merely lump multiple defendants together but require[s]
23 plaintiffs to differentiate their allegations when suing more than one defendant and inform each
24 defendant separately of the allegations surrounding his alleged participation in the fraud."
25 Swartz, 476 F.3d at 765-66.  FIA's motion to dismiss Plaintiff's second cause of action for
26
27
28

fraud is therefore GRANTED based on Plaintiff's failure to comply with Rule 9(b). Plaintiff will be afforded leave to amend to correct this deficiency.[3]

### C. OPEN BOOK ACCOUNT

"An open book account is a detailed statement that constitutes the principal record of the transactions between the creditor and debtor arising out of a contract or fiduciary relationship. The statement details the debits and credits in connection with the debtor/creditor relationship." Cusano v. Klein, 264 F.3d 936, 942 n.2 (9th Cir. 2001) (citing Cal.Code Civ.P. § 337a). "A common count is proper whenever the plaintiff claims a sum of money due, either as an indebtedness in a sum certain, or for the reasonable value of services, goods, etc., furnished." Kawasho Int'l, U.S.A. Inc. v. Lakewood Pipe Serv., Inc., 152 Cal. App. 3d 785, 793 (1983) (internal quotations and citation omitted).

Plaintiff's claim for open book account is based on the allegation that "Defendant placed fraudulent charges on Plaintiff's open book account." Compl. ¶ CC-1(b)(6). As set forth above, a cause of action for open book account applies to situations where the plaintiff is claiming that the defendant owes him a specific amount of money. Here, Plaintiff is not claiming that FIA is indebted to him. Rather, he is alleging that FIA improperly placed charges on his credit card accounts. Because a cause of action for open book account does not apply in this instance, FIAs' motion to dismiss Plaintiff's cause of action for open book account is GRANTED and the claim is dismissed without leave to amend. See DeSoto Yellow Freight Sys., 957 F.2d 655, 658 (9th Cir. 1992) (holding that leave to amend is properly denied "where the amendment would be futile.").

//
//

---

[3] The Court notes that Plaintiff has embedded his allegations regarding Defendants' purported violations of the FDCPA and FCRA in both the breach of contract and fraud causes of action. Thus, the Court's analysis of these statutes as set forth in sections III.A.2 and A.3, supra, applies equally here, as well. Because FIA did not raise the issue, the Court does not reach the question of whether the alleged violation of these statutes is more appropriately alleged as independent claims.

IV. **CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. FIA's Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

   a. The motion to dismiss Plaintiff's first cause of action for breach of contract is GRANTED insofar as it is based on FIA's alleged failure to comply with the FDCPA and FCRA. The motion is DENIED in all other respects as to this claim. Plaintiff is granted leave to amend to cure the deficiencies discussed above.

   b. The motion to dismiss Plaintiff's second cause of action for fraud is GRANTED, and said claim is dismissed with leave to amend.

   c. The motion to dismiss Plaintiff's third cause of action for open book account is GRANTED, and said claim is dismissed without leave to amend.

2. Within twenty-one thirty (21) days from the date of this Order is filed, Plaintiff shall file an amended complaint as set forth above. Plaintiff must indicate "Amended Complaint" on the face of his pleading. Plaintiff should be aware that his Amended Complaint will supersede his original complaint, meaning that he must present all claims in a single pleading. Any claims not alleged in the Amended Complaint will be deemed dismissed. Failure to amend within this time-frame will result in the dismissal of the dismissed claims with prejudice. Should Plaintiff fail to timely amend, FIA shall file its responsive pleading to the complaint within fourteen (14) days of the date this Order is filed. If Plaintiff timely amends his pleading, FIA shall respond consistent with the Federal Rules of Civil Procedure.

3. The hearing on FIA's motion to dismiss scheduled for June 15, 2010 is VACATED. The Case Management Conference previously scheduled to follow the hearing on the motion is CONTINUED to **July 22, 2010 at 3:30. p.m.** The parties shall meet and confer prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference that complies with the Standing Order for All Judges of the Northern District of California and the Standing Order of this Court. Defendant FIA shall be responsible for filing the statement as

1  well as for arranging the conference call.  All parties shall be on the line and shall call (510)
2  637-3559 at the above indicated date and time.
3           4.      This Order terminates Docket 6.
4       IT IS SO ORDERED.
5  Dated: June 2, 2010                                  _____
                                                        SAUNDRA BROWN ARMSTRONG
6                                                       United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CLARK et al,

        Plaintiff,

  v.

BANK OF AMERICA et al,

        Defendant.
                                            /

Case Number: CV09-05240 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 3, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Wallis H. Clark
3852 Montecito Avenue
Santa Rosa, CA 95404

Dated: June 3, 2010
                                      Richard W. Wieking, Clerk

                                      By: LISA R CLARK, Deputy Clerk