| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE NORTHERN DISTRICT OF CALIFORNIA |
| | OAKLAND DIVISION |

| | |
|---|---|
| WALLIS H. CLARK III dba CARMET TRADING CO. & CARMET SCIENTIFIC,<br><br>Plaintiff,<br><br>vs.<br><br>FLA CARD SERVICES, N.A., LINDA BUCK, TONY GREEN, I.C. SYSTEM, BETH BROWN and DOES 1-10 incl.,<br><br>Defendants. | Case No: C 09-5240 SBA<br><br>**ORDER REMANDING ACTION** |

Plaintiff Wallis H. Clark III dba Carmet Trading Co. & Carmet Scientific ("Plaintiff"), acting pro se, commenced the instant civil action in Sonoma County Superior Court against various parties, including Bank of America. FIA Card Services, Inc., N.A. ("FIA"), which allegedly was sued erroneously as Bank of America, removed the action under 28 U.S.C. §§ 1331 and 1441 on the basis that certain of Plaintiff's causes of action arise under the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA"). (Docket 1.)  On June 3, 2010, the Court granted in part and denied in part FIA's motion to dismiss. (Docket 41.)  The Court, inter alia, dismissed Plaintiff's claims under the FDCPA and FCRA, with leave to amend.  (Id.)  Plaintiff had until June 24, 2010, to file his amended complaint.  The Court's Order warned that the failure to timely amend "will result in the dismissal of the dismissed claims with prejudice."  (Id. at 8.)  Plaintiff did not file an amended complaint.  Instead, on July 19, 2010, Plaintiff filed an Ex Parte Notice of Motion and Motion Requesting Removal of Action to Superior Court.  In his motion, Plaintiff states that because all federal claims have been dismissed, the case should be remanded to state court.

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 229 (1990); United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004). This rule applies equally to removed actions. See Harris v. Provident Life and Acc. Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) ("Although no objection was made to removal, we must still address whether federal jurisdiction exists."); see also 28 U.S.C. § 1447(c) ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("we have held that the district court must remand if it lacks jurisdiction").

When the federal claim that served as the basis for removal is eliminated, either through dismissal by the court or by a plaintiff amending his or her complaint, federal courts may decline to assert supplemental jurisdiction over the remaining state law causes of action and exercise its discretion to remand them to state court. See 28 U.S.C. § 1367(c)(3); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (court may *sua sponte* exercise discretion and dismiss state law claims under 28 U.S.C. § 1367(c)). Here, the only remaining claim in this action is Plaintiff's cause of action for breach of contract. Given the lack of any federal claims, coupled with the early stage of the litigation, the Court exercises its discretion and remands the action to the state court from which it was removed. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351(1988) ("When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction."); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("it is generally preferable for a district court to remand remaining pendant claims to state court."). Accordingly,

IT IS HEREBY ORDERED THAT the instant action is REMANDED to the Superior Court of California, County of Sonoma, pursuant to 28 U.S.C. § 1447(c). The Clerk shall close the file and terminate any pending matters in this Court's docket.

| | |
|---|---|
| 1 | IT IS SO ORDERED. |
| 2 | Dated: July 20, 2010 |

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CLARK et al,

        Plaintiff,

 v.

BANK OF AMERICA et al,

        Defendant.
_____/

Case Number: CV09-05240 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 21, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Wallis H. Clark
3852 Montecito Avenue
Santa Rosa, CA 95404

Dated: July 21, 2010

                                        Richard W. Wieking, Clerk

                                        By: LISA R CLARK, Deputy Clerk